# Exhibit E



Andrews Kurth LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201
+1.214.659.4400 Phone
+1.214.659.4401 Fax
andrewskurth.com

Rob Hoffman
+1.214.659.4653 Phone
+1.214.659.4401 Fax
RobHoffman@andrewskurth.com

August 29, 2016

Joseph A. Ziemianski  *Via Email: jziemianski@cozen.com*
Cozen O'Connor
LyondellBasell Tower
1221 McKinney, Suite 2900
Houston, Texas 77010

Re:  Insured:          Total Rx Care, LLC ("Total Care")
     Policy No.:       000036033480 / 000001
     Writing Co.:      Great Northern Insurance Company
     Date of Loss:     December 26, 2015
     Cause of Loss:    Tornado
     Claim No.:        040515081287

Dear Mr. Ziemianski:

I attach the following documents:

1.  **Exhibit A.**  Belfor Property Restoration's ("Belfor") invoice for restoration and repair in the amount of $1,305,233.44; and

2.  **Exhibit B.**  Real Estate Partners -835's notice of default.[1]

As you are likely fully aware, the Insured was advised by Great Northern to accept Belfor as the contractor for repair and replacement in conjunction with the above-referenced loss. Great Northern assured the Insured that Great Northern would pay for all of Belfor's work. The Insured relied on Great Northern's representation. Belfor completed its work on or about July 21, 2016 and provided its invoice to Great Northern shortly thereafter.

According to Belfor, Great Northern has recently reneged on its promise to pay Belfor. As a result, Belfor filed a lien against the property leased by the Insured, which lien has caused the landlord to issue the August 24, 2016 notice of default attached hereto as Exhibit B. As you would expect, the Belfor lien constitutes breach of a standard lease covenant. See Exhibit B. The deadline to cure such breach is September 23, 2016. If Great Northern fails to pay Belfor as Great Northern

---

[1] Real Estate Partners-835 is the management company that represents the Insured's landlord.

Joseph A. Ziemianski
August 29, 2016
Page 2


promised, the Insured's landlord may terminate the lease with the Insured or pursue other penalties against the Insured. This would cause the Insured to suffer serious harm.

According to Belfor, Great Northern refuses to pay Belfor for one reason—on the grounds that the repair costs were supposedly paid to the Insured by Pharmacy Mutual. Such grounds to avoid payment by Great Northern are misplaced. First, insurance proceeds received by Pharmacy Mutual were paid in February 2016, long before Belfor completed its repairs and issued an invoice. There were no Belfor costs to pay at that point. Second, all proceeds received from Pharmacy Mutual were allocated by the Insured to that policy's business interruption coverage.

Please be advised that if Belfor is not paid by Great Northern before September 23, 2016, the Insured will hold Great Northern fully responsible for all applicable losses and actual damages sustained as a result, including but not limited to loss of credit worthiness, the costs and lost revenue associated with lease termination, attorneys' fees and costs, any penalties levied by the Insured's landlord, etc.

As you know, the Texas Insurance Code is construed broadly to protect insureds from the games Great Northern is obviously intent on playing in this matter.

Please let me know if you have any questions or would like to discuss.

Sincerely,

ROB HOFFMAN

RMH:ctk
Encls.