UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOTAL RX CARE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-2965 |
| | § | |
| GREAT NORTHERN INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S APPLICATION FOR ATTORNEYS'
## FEES AND COSTS AND SUPPORTING BRIEF

COMES NOW Total Rx Care, LLC ("Total Rx") and, in accordance with the Court's instructions in the Memorandum Opinion and Order ("Order") denying Defendant Great Northern Insurance Company's Motion to Modify Subpoena Duces Tecum and for Protective Order [ECF No. 33], files its Application for Attorneys' Fees and Costs to be awarded under Federal Rules of Civil Procedure 26(c)(3) and 37(a)(5) and Supporting Brief.

### A.    RELEVANT PROCEDURAL BACKGROUND

Great Northern filed its Motion to Modify Subpoena Duces Tecum and for Protective Order ("Motion") [ECF No. 24] seeking to withhold a then-undisclosed number of communications between it or its lawyer and its independent forensic accounting firm, HSNO, regarding Total Rx's insurance claim for business income losses resulting from a December 2016 tornado. Great Northern contended in conclusory fashion that these documents were privileged because they "were made to facilitate the rendition of professional legal services" or "for purposes of litigation," but beyond that, Great Northern said little more and provided no support.

Total Rx prepared a comprehensive Response ("Response") to Great Northern's unsubstantiated claims of privilege, in which it not only addressed why Great Northern's generic privilege assertions were insufficient to meet its pleading burden, but also demonstrated why communications between Great Northern or its counsel and HSNO could not be privileged under the facts alleged by Great Northern.[1]  As explained in detail herein, Great Northern's complete lack of effort to substantiate its privilege claims, coupled with its late-served privilege log, made Total Rx's preparation of its Response a research-intensive and time consuming endeavor.  The associated expense to Total Rx was significant, but necessary.

On March 7, 2017, the Court agreed that Great Northern "failed to even attempt to meet" "the burdens imposed on … a party asserting the attorney-client privilege and work product protection."[2]  The Court further found that "the Motion to Modify was not substantially justified and that no other circumstances make an award of expenses unjust."[3]  Consequently, the Court ordered Great Northern to pay Total Rx "its reasonable expenses, including attorneys' fees, incurred in opposing the [Motion]."[4]

While Total Rx and Great Northern have conferred in person regarding the reasonable amount of fees to be paid to Total Rx, the Parties have been unable to reach an agreement.[5]  As such, this Application for Attorneys' Fees and Costs was made necessary.

## B.    LEGAL STANDARD AND ARGUMENT

Under Fifth Circuit precedent, the proper methodology for determining an award of reasonable attorneys' fees is the calculation of a lodestar.  *Heidtman v. County of El Paso*, 171

---

[1] *See* ECF No. 27.

[2] ECF No. 33 at p. 32.

[3] *Id.*

[4] *Id.* at p. 32-33.

[5] Great Northern has filed Objections to the Court's Order, which are pending.  *See* ECF No. 35.

F.3d 1038, 1043 (5th Cir. 1999). "A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work." *Id.* "As for a reasonable hourly rate … the 'relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits.'" *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (quoting *Scham v. District Courts Trying Criminal Cases*, 148 F.3d 554, 558 (5th Cir. 1998)). After a lodestar is calculated, the amount may be adjusted up or down, based on consideration of facts specific to the case, in order to arrive at the fair market value of the legal services. *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).[6] Of the relevant considerations, "the [C]ourt should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Saizan*, 448 F.3d at 800 (quoting *Migis v. Pearle Vision*, 135 F.3d 1041, 1047 (5th Cir. 1998)). Where, as here, such considerations are made part of the lodestar calculation itself, adjustment on such grounds is inappropriate. *Heidtman*, 171 F.3d at 1043.

1.   **Total Rx's time and efforts in responding to the Motion were reasonable and necessary in light of Great Northern's numerous failures of proof**

Reviewing and analyzing the Motion and developing a response strategy, researching for, and drafting a response to the Motion required 46.8 hours of attorney time. While counsel's

---

[6] The Fifth Circuit has set forth the following factors to consider and balance in order to determine whether an adjustment to a lodestar calculation is appropriate: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Many of these factors are more suitable following a full trial on the merits and are not readily applicable in the circumstance of an intra-case sanctions award.

billing entries more precisely describe the activities conducted, the following chart summarizes the time reasonably spent by Total Rx's counsel to successfully oppose the Motion.[7]

| Activity | Counsel/Hours | Rate | Fees |
|---|---|---|---|
| Reviewing Motion & Coordinating Response Strategy | Dunn - .9 | $535.50 | $1,935.45 |
| | Hoffman - 1.9 | $765.00 | |
| Reviewing Draft Motion and Correspondence with Opposing Counsel | Dunn - 0 | $535.50 | $535.50 |
| | Hoffman - .7 | $765.00 | |
| Receipt and Review of Notifications from Court | Dunn - 0 | $535.50 | $153.00 |
| | Hoffman - .2 | $765.00 | |
| Case Law Research | Dunn - 6.7 | $535.50 | $3,587.85 |
| | Hoffman - 0 | $765.00 | |
| Drafting Response | Dunn - 26.5 | $535.50 | $21,764.25 |
| | Hoffman - 9.9 | $765.00 | |
| Total | 46.8 | | $27,976.05 |

When Total Rx received Great Northern's Motion, it contained little more than conclusory allegations by Great Northern that certain, then-unidentified communications between it or its lawyer, and its independent forensic accounting firm regarding Total Rx's Claim were privileged because they "were made to facilitate the rendition of professional legal services" or "for purposes of litigation." Great Northern had not so much as identified a single document it was withholding, much less explained why the various privileges asserted applied on a document-by-document basis.

This dearth of information required Total Rx to not only research and address the circumstances under which an accountant could be a representative of either the insured or its attorney for purposes of the privilege (the basic issue at bar), but also research and address the

---

[7] True and correct copies of Total Rx's redacted fee invoices for the periods of January 2017-February 2017 are attached as Exhibit A-2 to the Declaration of Robert M. Hoffman, which is Exhibit A ("Hoffman Decl.").

proof required to establish each asserted privilege—a burden Great Northern had, but made no attempt to meet—and the general necessity of a privilege log to support Great Northern's requested relief.[8]

Total Rx paid significant attention to this latter issue as it began drafting its Response. By the time that Great Northern served its log a week after its Motion was filed (and 2.5 months after Total Rx served its initial Requests for Production to Great Northern), Total Rx had already spent 14.2 hours on the initial draft of its Response. Much of Total Rx's initial draft Response was mooted by Great Northern's late-served log.[9]

But Great Northern's service of the privilege log did not make Total Rx's job in responding any easier (or quicker). In fact, it made Total Rx's task more difficult and only added to the fees Total Rx incurred to prepare its Response. The privilege log contained only generic subject matter descriptions and privilege assertions, without any attempt to connect the dots between the two. In addition to all of the other failings of the Motion, Total Rx was forced to address these issues too.[10]

It is with this background in mind that the Court can readily see that the 46.8 hours Total Rx spent to successfully defend against Great Northern's barebones, no-attempt-at-proof Motion and privilege log were reasonable.

## 2.      Counsel's fees and expenses were reasonable and billing judgment was utilized

Given the total success of Total Rx's Response and the experience, reputation, and abilities of the lawyers and law firm representing Total Rx, the rates charged by Total Rx's counsel were justified and reasonable.

---

[8] Hoffman Decl. at ¶ 12.

[9] *Id.*

[10] *Id.*

### A.   The nature of the case, the challenges faced, and the results achieved

This is a hotly disputed insurance controversy, and Total Rx hired its counsel for their skill in tackling the issues at hand.   Throughout this litigation, Total Rx has faced self-evident attempts by Great Northern to (i) continually obstruct Total Rx's efforts to conduct discovery;[11] and (ii) make an already expensive case that much more costly for Total Rx.   Total Rx has successfully thwarted each of Great Northern's obstructionist efforts, including its success in defeating the Motion.

Rather than allow HSNO to produce subpoenaed documents pertinent to this lawsuit Great Northern chose to file a Motion seeking relief to which it was not entitled, with no proof whatsoever.   In terms of assessing the results obtained, Great Northern fought to withhold 30 different documents, but did not prevail in its attempt to protect a single one.

Great Northern's own actions made this already thorny case more difficult and more expensive.   But for Great Northern's Motion, Total Rx would not have incurred *any* of the $27,976.05 at issue.   It is reasonable to award Total Rx what it should not have had to spend fighting against Great Northern's baseless Motion.

### B.   The skill required to perform the services provided

Rebutting a Motion that presupposes its success without making any effort to prove what it alleges is not a simple task.   And Total Rx did not prevail on its opposition to the Motion by chance.   Instead, it was Total Rx's counsel who broke down, bit-by-bit, Great Northern's failure to demonstrate its entitlement to the relief sought.   In terms of relative skill, Total Rx's counsel did what Great Northern's counsel did not do: address the burden, introduce the log, present the applicable law, and provide reasons instead of conclusions.   When compared with the efforts and skill that appear to have been put into the Motion, Total Rx's successful Response demonstrates

---

[11] See Plaintiff's Motion to Compel 184 documents [ECF No. 31]; and Defendant's Motion to Stay [ECF No. 8].

its attorneys' overall skill, and supports a conclusion that the fees tied to that skill are, indeed, reasonable.

### C.    The delegation of duties

In all aspects of preparing its Response, counsel for Total Rx was cognizant of the need to avoid duplication of efforts and minimize the expense to Total Rx. Consequently, it was agreed that Mr. Hoffman would be primarily responsible for determining Total Rx's response strategy and Ms. Dunn would conduct all of the required research and the majority of the required drafting. As such, approximately 73% of the legal work performed in responding to the Motion was performed by Ms. Dunn at a rate of $535.50/hour; the remaining 27% was performed by Mr. Hoffman at $765.00/hour.[12]    This exercise of task and billing judgment, at a blended rate of $598.00, further supports a conclusion that the amounts sought by Total Rx are reasonable under the facts.[13]

### D.    The law firm and the lawyers

Andrews Kurth Kenyon LLP ("Andrews Kurth") is one of Texas's largest, oldest, and most respected law firms. With eleven offices in and outside the U.S., ANDREWS KURTH and its attorneys are well-regarded worldwide. Lead counsel, Rob Hoffman, has over thirty-five years' experience handling complex commercial lawsuits with an emphasis on insurance coverage and insurer bad faith.[14]    In 2013, Mr. Hoffman successfully tried, and then successfully argued on appeal, one of the largest insurance coverage, bad faith cases to go to jury verdict in Texas history.[15]    He has been nationally recognized by Best Lawyers in America, as well as by D Magazine's Best Lawyers in Dallas, and Texas Super Lawyer Magazine.[16]    In 2010, Mr.

---

[12] Hoffman Decl. at ¶ 7.

[13] This blended rate was calculated by dividing the total fees incurred by the total number of hours expended. The same figure is also reached by multiplying the percentage of work allocable to each billing attorney by his or her hourly rate and summing the two resulting numbers.

Hoffman was ranked among the Top 15 Defense Counsel in North Texas by the Dallas Business Journal.[17] Mr. Hoffman has written numerous published articles on legal ethics, trial techniques, and other legal and professional matters.[18]

Kaylan Dunn is a senior associate at Andrews Kurth, and has wide-ranging experience in various areas of commercial litigation, also with an emphasis on insurance disputes.[19]  Both attorneys were well qualified to perform the work required to successfully defend against the Motion, and their rates were commensurate with their levels of experience and law firm's reputation, as explained by Mr. Hoffman in his declaration.[20]

In opining that the blended rate charged by Andrews Kurth was reasonable, Mr. Hoffman relied on several factors:

> 1.      A report prepared by Peer Monitor, a resource which compiles data on law firm billing data, reflects that for 2016-2017, the average hourly fee charged by litigation counsel at large Texas-based firms is the Dallas area is $566.00 for all attorneys.  For large national law firms with offices in Texas, the average hourly fee charged by litigation counsel is $604.00.  Andrews Kurth's blended rate falls within this range.

> 2.      In 2008, the Southern District of Texas found that rates up to $725.60 for partners and up to $505.00 for senior associates were appropriate for fee calculation, considering the rates charged by large law firms in the Southern District of Texas in 2008 based on 2007 National Law Journal survey data of rates charged by large firms, including Andrews Kurth. *Newby v. Enron Corp. (In re Enron Corp. Sec. Deriv. & "ERISA" Litig.)*, 586 F. Supp. 2d 732, 779 (S.D. Tex. 2008).  Based on Mr. Hoffman's experience, such reasonable rates would be considerably higher in 2017 than they were in 2008.  For instance, his standard rate in 2008 was significantly lower than $725 per hour.

---

[14] *See* Exhibit A-1; Hoffman Decl. at ¶ 4.

[15] *Id.*

[16] *Id.* at ¶ 5.

[17] *Id.*

[18] *See* Hoffman Decl. at ¶ 3.

[19] *See* Exhibit A-1; Hoffman Decl. at ¶ 6.

[20] *See* Hoffman Decl. at ¶¶ 15-16.

3.     Relying on *Newby*, in 2009 the Southern District of Texas found that counsel for Plaintiff had "met their burden of demonstrating that their hourly rates" of up to $700 for lead counsel were reasonable. *Desert Rock Energy Co., LLC v. U.S. E.P.A.*, No. 08-872, 2009 WL 3247312, at *4 (S.D. Tex. Sept. 29, 2009).

4.     On May 10, 2016, U.S. Bankruptcy Judge Craig Gargotta for the Western District of Texas, San Antonio Division, ordered compensation of Andrews Kurth attorneys at $715 per hour (senior partner). A true and correct copy of the court's May 10, 2016 Order and the related Application are attached at Exhibit A-3.

5.     The National Law Journal's 2013 survey of rates typically charged by law firms in various locales reflected rates for senior partners (like Mr. Hoffman) at $595/hour, and $485/hour for senior associates. The 2016 Real Rate Report issued by CEB consulting company and Wolters Kluwer NV's ELM Solutions, found that average billing rates in Dallas, Texas increased on average by 6.8 percent in 2015. Assuming annual standard fees increased by this average percentage between 2013 and 2017, the average hourly rate should be approximately $775/hour an hour for a senior partner and $630/hour for a senior associate.

6.     Rates are largely a function of the size of the law firm; the type of work it generally attracts; and the experience and quality of the lawyer(s) involved. Andrews Kurth is a large, well-respected law firm; and its rates are on par with its counterparts.

In light of these facts and the other circumstances that warranted the Court's award of attorneys' fees, it is reasonable for the Court to award Total Rx the $27,976.05 it reasonably and justifiably incurred in defending against the Motion.

## PRAYER

WHEREFORE, Plaintiff Total Rx asks this Court to award it its expenses, including the full value of the attorneys' fees incurred in opposing the Motion, and for such other and further relief in law or in equity to which Total Rx may be justly entitled.

Dated:  April 6, 2017.

Respectfully Submitted,

**ANDREWS KURTH KENYON LLP**

*/s/ Robert M. Hoffman*
Robert M. Hoffman
State Bar No. 09788200
RobHoffman@andrewskurth.com
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone:  (214) 659-4653

M. Kaylan Dunn
State Bar No. 24076359
kaylandunn@andrewskurth.com
600 Travis Street, Suite 4200
Houston, Texas  77002
Telephone:  (713) 220-4200

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2017, a true and accurate copy of the foregoing document was filed with the Clerk of Court and copies of the same have been provided by ECF to the following counsel of record:

Joseph A. Ziemianski
COZEN O'CONNOR
1221 McKinney St., Suite 2900
Houston, Texas 77010
Fax:    832-214-3905

William H. Craven
Anthony DiPietra
COZEN O'CONNOR
1717 Main Street, Suite 3400
Dallas, Texas  75201
Fax:    214-462-3299

*/s/ Robert M. Hoffman*

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOTAL RX CARE, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-2965 |
| | § | |
| GREAT NORTHERN INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## DECLARATION OF ROBERT M. HOFFMAN

I, Robert Hoffman, hereby declare and state as follows:

1.      My name is Robert M. Hoffman.  I am over the age of twenty-one (21) years and have never been convicted of a crime.  The facts stated in this declaration are within my personal knowledge and are true and correct.

2.      I am an attorney duly licensed to practice law in Texas and have been practicing commercial litigation throughout Texas, but primarily in federal and state courts in Dallas, Texas, since 1981.  I have never been the subject of a malpractice claim, a grievance or any type of criminal or State Bar investigation.

3.      I am an equity partner in the law firm of Andrews Kurth Kenyon LLP ("Andrews Kurth").  I was formerly an equity partner in the law firm of Gardere Wynne Sewell LLP from 1999 until April 2015, at which time I moved my practice to Andrews Kurth.  Andrews Kurth currently consists of approximately 390 attorneys in eleven offices globally.  Andrews Kurth is a large, prominent Texas-based law firm with an excellent reputation.  I have written numerous published articles on legal ethics, trial techniques, and other legal and professional matters.

4.      I have over thirty-five years' experience handling complex commercial lawsuits with an emphasis on insurance coverage and insurer bad faith.  In 2013, I successfully tried, and then successfully argued on appeal, one of the largest insurance coverage, bad faith cases to go to jury verdict in Texas history.  I was also lead counsel in *lanelogic Inc., et al. v. Great American Spirit Insurance Company*, Civil Action No. 3:08-cv-1164-BD.  My team's Motion to Compel lead to Magistrate Judge Kaplan's seminal opinion for the Northern District of Texas on an insurance company's burden to establish privilege and the general lack of privilege associated with an insurer's claims file.  That case has been cited to this Court [ECF No. 31].

5.      I have been nationally recognized by Best Lawyers in America, as well as by D Magazine's Best Lawyers in Dallas, and Texas Super Lawyer Magazine.  In 2010, I was ranked among the Top 15 Defense Counsel in North Texas by the Dallas Business Journal.

6.      M. Kaylan Dunn is a senior associate at Andrews Kurth, and has wide-ranging experience in various of areas commercial litigation, with an emphasis on insurance disputes.  A true and correct copy of my resume and the resume of Ms. Dunn are attached to this Declaration as Exhibit A-1.

7.      I personally performed legal services, and supervised associate M. Kaylan Dunn, on behalf of Total Rx Care, LLC ("Total Rx" or "Movant") in opposing Defendant Great Northern Insurance Company's Motion to Modify Subpoena Duces Tecum and for Protective Order ("Motion") [ECF No. 33].  Approximately 73% of the legal work performed in responding to the Motion was performed by Ms. Dunn at a rate of $535.50/hour; the remaining 27% was performed by me at a rate of $765.00/hour.  Movant receives a 10% discount off of all Andrews Kurth's standard rates for legal services rendered in this case.

8.     The following list identifies each billing attorney, the number of hours he or she billed on this matter, and the ultimate blended rate charged to Movant:

| Biller | Hours | Rate |
|---|---|---|
| Attorney Hoffman | 12.7 | $ 765.00 |
| Attorney Dunn | 31.4 | $ 535.50 |
|  |  |  |
| **Blended Rate: $ 598.00/hr[1]** |  |  |

9.     I am experienced in and familiar with the work required of attorneys in cases similar to the instant litigation, including opposing motions such as the Motion at issue, and with the fees charged by attorneys of similar experience, reputation, and ability handling cases such as this one at or about the times relevant to the Motion and Response.  I have personal knowledge of, and am otherwise competent to testify to, all the matters stated herein, and hereby state that such facts are true and correct.  In consideration of the foregoing, I am qualified to testify and have an opinion about the usual and customary, reasonable, and necessary attorneys' fees for work of the nature performed in this case in the forum where this lawsuit is pending.

10.     I am familiar with the type and amount of the services that must be performed in order to successfully oppose a motion such as the Motion at issue.  A true and correct copy of the redacted billing invoices for legal service performed and billed by Andrews Kurth to Movant in this matter from January 2017 through February 2017 are attached to this Declaration as Exhibit A-2.  I spent the necessary time to carefully review and approve all relevant billing entries before sending such billing invoices to Movant for payment.  The sums charged were for work actually performed as reflected on the invoices.

---

[1] This blended rate was calculated by dividing the total fees incurred by the total number of hours expended.  The same figure is also reached by multiplying the percentage of work allocable to each billing attorney by his or her hourly rate and summing the two resulting numbers.

11.     Movant was billed 46.8 hours for legal services performed to review a draft of, and later, the actual Motion, confer with opposing counsel regarding the Motion, develop and coordinate a response strategy, conduct case law research, and draft the Response. The billing records attached at Exhibit A-2 reflect detailed task entries for the services Ms. Dunn and I performed, the date on which the services were performed, and the number of tenths of hours expended on each task. The Exhibit A-2 task entries for attorney time are not vague, are standard, and they adequately identify the work provided and purpose for the particular tasks and services performed and billed.

12.     In my opinion, the total hours expended by each member of the team were reasonable and necessary given Defendant's overall failure to even attempt to meet the burdens imposed on it to establish the existence of privilege as to any documents it sought to withhold. Such failures required counsel to not only research and address the circumstances under which an accountant could be a representative of either the insured or its attorney for purposes of the privilege (the basic issue at bar), but also to research and address the proof required to establish each asserted privilege, and the general necessity of a privilege log to support Great Northern's requested relief.  Further, Great Northern's late-served privilege log, not only mooted much of counsel's initial draft Response, but also created additional work for Total Rx to fully address the various issues created by the log's deficiencies.

13.     The following chart summarizes the time reasonably spent by Total Rx's counsel to successfully oppose the Motion:

| Activity | Counsel/Hours | Rate | Fees |
|---|---|---|---|
| Reviewing Motion & Coordinating Response Strategy | Dunn - .9 | $535.50 | $1,935.45 |
|  | Hoffman - 1.9 | $765.00 |  |
| Reviewing Motion Draft and | Dunn - 0 | $535.50 | $535.50 |
|  | Hoffman - .7 | $765.00 |  |

| Correspondence with Opposing Counsel | | | |
|---|---|---|---|
| Receipt and Review of Notifications from Court | Dunn - 0 | $535.50 | $153.00 |
| | Hoffman - .2 | $765.00 | |
| Case Law Research | Dunn - 6.7 | $535.50 | $3,587.85 |
| | Hoffman - 0 | $765.00 | |
| Drafting Response | Dunn - 26.5 | $535.50 | $21,764.25 |
| | Hoffman - 9.9 | $765.00 | |
| Total | 46.8 | | $27,976.05 |

14.     This matter was properly staffed given the size, duration, and complexity of the issues presented. Only two timekeepers billed time on this matter: Ms. Dunn and me. I closely monitored Ms. Dunn's work to ensure that the services performed and time billed were reasonable and necessary. Additionally, Andrews Kurth discounted its fees by 10% off of its standard rates, as savings to Movant of $2,797.61 for the Response. Thus, in my opinion, the amounts billed to Movant in this matter were both reasonable and necessary.

15.     I am also familiar with the usual and customary fees charged for cases involving issues of similar complexity as those presented in this case. In my opinion, the rates for Movant's legal team in this matter are within the prevailing market rate for similar services by similarly trained and experienced lawyers in the relevant legal community in suits of this complexity.

16.     In opining that the blended rate charged by Movant's law firm was reasonable, I rely on several factors:

a)  A report prepared by Peer Monitor, a resource which compiles data on law firm billing data, reflects that for 2016-2017, the average hourly fee charged by litigation counsel at large Texas-based firms is the Dallas area is $566.00 for all attorneys. For large national law firms with offices in Texas, the average hourly fee charged by litigation counsel is $604.00. Andrews Kurth's blended rate falls within this range.

b) In 2008, the Southern District of Texas found that rates up to $725.60 for partners and up to $505.00 for senior associates were appropriate for fee calculation, considering the rates charged by large law firms in the Southern District of Texas in 2008 based on 2007 National Law Journal survey data of rates charged by large firms, including Andrews Kurth. *Newby v. Enron Corp. (In re Enron Corp. Sec. Deriv. & "ERISA" Litig.)*, 586 F. Supp. 2d 732, 779 (S.D. Tex. 2008). Based on my experience, such reasonable rates would be considerably higher in 2017 than they were in 2008. For instance, my standard rate in 2008 was significantly lower than $725 per hour.

c) Relying on *Newby*, in 2009 the Southern District of Texas found that counsel for Plaintiff had "met their burden of demonstrating that their hourly rates" of up to $700 for lead counsel were reasonable. *Desert Rock Energy Co., LLC v. U.S. E.P.A.*, No. 08-872, 2009 WL 3247312, at *4 (S.D. Tex. Sept. 29, 2009).

d) On May 10, 2016, U.S. Bankruptcy Judge Craig Gargotta for the Western District of Texas, San Antonio Division, ordered compensation of Andrews Kurth attorneys at $715 per hour (senior partner). A true and correct copy of the court's May 10, 2016 Order and the related Application are attached at Exhibit A-3.

e) The National Law Journal's 2013 survey of rates typically charged by law firms in various locales reflected rates for senior partners (like me) at $595/hour, and $485/hour for senior associates. The 2016 Real Rate Report issued by CEB consulting company and Wolters Kluwer NV's ELM Solutions, found that average billing rates in Dallas, Texas increased on average by 6.8 percent in 2015. Assuming annual standard fees increased by this average percentage between 2013 and 2017, the average hourly rate should be approximately $775/hour an hour for a senior partner and $630/hour for a senior associate.

f) Rates are largely a function of the size of the law firm; the type of work it generally attracts; and the experience and quality of the lawyer(s) involved. Andrews Kurth is a large, well-respected law firm; and its rates are on par with its counterparts.

**EXECUTED** this 6th day of April, 2017.

Robert M. Hoffman

# EXHIBIT A-1

# ANDREWS KURTH

STRAIGHT TALK IS GOOD BUSINESS. ®

## Rob Hoffman



**Partner**
robhoffman@andrewskurth.com
*Dallas*
1717 Main Street, Suite 3700, Dallas, TX 75201
P: +1.214.659.4653  |  F: +1.214.659.4401

**INDUSTRIES**
Banking/Finance
Construction
Hospitality and Hotels
Insurance
Real Estate

**PRACTICES**
Class Action Litigation
Commercial Litigation
Construction Litigation
Litigation and Dispute Resolution
Managed Care and ERISA
Professional Liability
Securities and Shareholder Litigation

**EDUCATION**
JD, 1981, Southern Methodist University Dedman School of Law, Member, National Moot Court Team
BBS, 1978, *with honors*, The University of Texas at Austin

**ADMISSIONS**
Texas

### BIOGRAPHY

Rob Hoffman is a highly sought-after trial lawyer, helping clients in major exposure lawsuits around the U.S. A senior in-house counsel at a publicly traded company said, "I had the pleasure of working with Rob on a complex commercial matter involving multi-jurisdictional issues and international parties. As in-house litigation counsel for a large publicly traded company, I work with many lawyers but rarely encounter attorneys who excel both at high level strategy and court room mastery. Rob is a clear exception."

Rob represents clients across the United States in all aspects of complex litigation, including disputes arising from mergers and acquisitions; disputes over representations and warranties; contract breach; fraud; construction; ERISA, health benefits, and plan benefits administration; insurance coverage and bad faith claims; and class action suits. Rob looks at each case as a collection of puzzle pieces, with the fervent confidence that there's always a way for the pieces to successfully come together in his clients' favor. The proof: Rob has won virtually every case he's handled over the last decade, whether by a favorable jury verdict, dispositive motion, or settlement for a few pennies on the dollar.

Rob has served as General Counsel of The General Counsel Forum, an association consisting of approximately 700 general counsel and managing counsel, for the past 15 years. He is also a member of the Forum's Board of Directors and its Executive Committee.

From 2013 through the present, Rob has been acknowledged by *The Best Lawyers in America* in the area of Commercial Litigation. He was also recognized as one of the Top 15 Corporate Defenders in the Dallas/Fort Worth area in 2010 by the *Dallas Business Journal*. Furthermore, *D Magazine* named Rob one of The Best Lawyers in Dallas. His talent as a commercial litigator has earned Rob recognition in *Texas Super Lawyers* each year since its inception in 2003, and has earned him recognition in *Super Lawyers* in the separate Corporate Counsel edition.

*The Dallas Morning News* included Rob's business-related advice columns each week for several years, and he has authored and presented many legal articles, including a series regarding legal ethics for practitioners that appeared in *Texas Lawyer*.

### INSIGHTS

- Co-Author with Christopher W. Martin, "Ready for Trial: Lessons Learned from Successfully Defending Large and Medium Insurance Cases," Texas Bar CLE's 11th Annual Advanced Insurance Law Course (April-June 2014).

# ANDREWS KURTH

STRAIGHT TALK IS GOOD BUSINESS. ®

## Rob Hoffman

- Co-Author with Richard O. Faulk and Diana P. Larson, "Effective Challenges to Unreliable Expert Opinions," *Tex. Law.*, June 4, 2007.
- Co-Author with Richard O. Faulk, "Avoiding and Exploiting 'Analytical Gaps' in Expert Testimony," 6:3 Expert Evidence Rep., *BNA* (Feb. 6, 2006).
- Co-Author with William E. Matthews and Dan Scott, "Conflicting Loyalties Facing In-House Counsel: Ethical Care and Feeding of the Ravenous Multi-Headed Client," *St. Mary's L.J.* (2006).
- Co-Author, "Beyond *Daubert* and *Robinson*: Avoiding and Exploiting 'Analytical Gaps' in Expert Testimony," *The Advoc., St. B. Tex. Litig. Sec. Rep.* (Winter 2005).
- Co-Author, "Recovering Lost Profits for Startup Companies," *The Value Examiner* (November/December 2005).
- Co-Author, "Recovering Lost Profits for Startup Companies: A Balancing Test," 4:7 *Nat'l Litig. Consultants' Rev.* (December 2004).
- Co-Author with J. Palazzo, "The Art of Peace: Tort Reform's New Settlement Scheme," *The App. Advoc.,* 17:2 St. B. Tex. App. Sec. Rep. (Fall 2004).
- Author, "Reduce Legal Costs by 40 percent. A Cure for Every Company's Common Cold," *Tex. B.J.* (March 2002).
- Author, "Deceptive Trade Practices and Commercial Torts," *Sw. L.J.* (a publication of Dedman School of Law, SMU).
- Author, "Ethical Considerations and Malpractice Prevention for the Trial Lawyer, How to Offer and Exclude Evidence Seminar," University of Houston Law Foundation.
- Co-Author, "The HIPAA Privacy Answer Book for TPAs."
- Co-Author, "Privacy Issues," *Ft. Worth Bus. Press* (November 2002).
- Co-Author, "The Outsiders," *Tex. Law.*
- Co-Author, "The Statute of Limitations in Legal-Malpractice Claims," *Tex. Law.*
- Co-Author, "Referrals Don't Always Pay Off," *Tex. Law.*
- Co-Author, "Beware of the Hazards of Contingent-Fee Cases," *Tex. Law.*

### PROFESSIONAL RECOGNITION

- *The Best Lawyers in America*, Commercial Litigation (2013-2017) and Insurance Law (2017)
- Top 15 Corporate Defenders in Dallas/Fort Worth, *Dallas Business Journal* (2010)
- Recognized among the "Best Lawyers" in Dallas in Business Litigation, *D Magazine* (2011, 2012, 2015, 2016)
- Top Attorney in Business Litigation in the U.S., *Super Lawyers Magazine* (Business Edition) (2008-2011)
- Texas Super Lawyer in Business Litigation, *Texas Monthly* (each year since its first publication in 2003)
- National Registry of Who's Who
- AV® Preeminent™ 5.0 out of 5 Peer Review Rated, MartindaleHubbell® PEER REVIEW RATINGS™

### BRIEFINGS, SEMINARS & SPEECHES

- Moderator for Panel of Four General Counsel: Association of Corporate Counsel's Annual Chief Legal Officer Forum: Best Practices in Crisis Management (February 2016)
- Moderator for Panel of Three General Counsel: Corporate Policyholders' Most Common Insurance Questions and How to Answer Them, 20th Annual Insurance Law Institute, University of Texas School of Law Insurance Law Section of the State Bar of Texas (November 2015)
- Speaker, "Mock Trials and Shadow Juries, When and How to Include in Your Litigation Management Strategy," presented to Allianz Global Corporate & Specialty (December 16, 2014).
- Speaker, "Proven Methods to Avoid Texas Bad Faith Liability," presented to Fireman's Fund Insurance Company (September 23, 2014).

**ANDREWS**
**KURTH**

STRAIGHT TALK IS GOOD BUSINESS. ®

## Rob Hoffman

- Panelist, 11th Annual Advanced Insurance Law Course 2014: "Ready for Trial: Lessons Learned from Successfully Prosecuting and Defending Insurance Cases," Houston (April 24, 2014).
- Co-Speaker with David J. Schubert, Address at the 16th Annual Insurance Law Institute: "The Independent Injury Rule – Can Denied Policy Benefits Be Trebled as Damages under Texas Insurance Code Chapter 541?" (November 4, 2011).
- Speaker, Address at the St. Mary's University Law Journal Fifth Annual Symposium on Legal Malpractice and Professional Responsibility: "Conflicting Loyalties Facing In-House Counsel: Ethical Care and Feeding of the Ravenous MultiHeaded Client" (February 24, 2006).
- Speaker, Address at AICPA: Recovering Lost Profits for Startup Companies A Balancing Test (September 2004).
- Speaker, Address at Milkie/Ferguson Investments Inc.: Broker-Customer Disputes.

### AFFILIATIONS

- Member, BBVA Compass Bank Advisory Board
- General Counsel and Board Member, The General Counsel Forum
- Board Member, Darkness to Light
- Fellow, American Bar Foundation
- Fellow, State Bar of Texas
- Former Board Member, United Way of Metropolitan Dallas
- Former Chairman, March of Dimes Board, Dallas
- Former Board Member, Community Services Branch of the Dallas YMCA
- Former President, Dallas Bar Securities Section
- Former Member, Texas Center for Legal Ethics and Professionalism

### IN THE NEWS

- Guest Commentator, NewsRadio 1080 KRLD, CBS DFW (March 4, 2013)
- Guest Commentator, Nightly Business Report, PBS (2007)
- Instructor, Damages Recoveries for Major Accounting Firm Seminar (November 2003)
- Instructor, "Employee Fraud, Theft and Embezzlement: Prevention and Detection," Lorman Education Services Seminar, Dallas, Texas
- Instructor, "Ethical Considerations and Malpractice Prevention," Family Law Seminar, University of Houston, Houston, Texas
- Interview, "National Privacy Act," CBS Television Affiliate, Dallas (October 2002)
- Quoted, "National Privacy Issues," *Ft. Worth Star-Telegram* (February 2003; April 2003)
- Quoted, "Privacy Issues," *Ft. Worth Star-Telegram* (October 2002)
- Quoted, "National Litigation Trends," *Corp. Legal Times* (April 2002; September 2002)

### NEWS

- 39 Andrews Kurth Lawyers Named in Texas Super Lawyers 2016 (September 6, 2016)
- 53 Andrews Kurth Lawyers Named Best Lawyers in America 2017 (August 15, 2016)
- Seven Andrews Kurth Partners Named 2016 Best Lawyers in Dallas (April 22, 2016)
- 37 Andrews Kurth Lawyers Named in Texas Super Lawyers 2015 (September 8, 2015)
- 57 Andrews Kurth Lawyers Named Best Lawyers in America 2016 (August 17, 2015)
- 12 Andrews Kurth Partners Named 2015 Best Lawyers in Dallas (April 27, 2015)
- Renowned Trial Attorney Rob Hoffman Joins Andrews Kurth in Dallas (April 27, 2015)

# ANDREWS KURTH

STRAIGHT TALK IS GOOD BUSINESS. ®

## M. Kaylan Dunn



**Associate**
kaylandunn@andrewskurth.com
*Houston*
600 Travis, Suite 4200, Houston, TX 77002
P: +1.713.220.4127  |  F: +1.713.220.4285

### BIOGRAPHY

Kaylan is an Associate in the Litigation section of the Houston office. Her practice includes general litigation with an emphasis on commercial litigation for private clients within the oil and gas, banking, insurance and real estate industries. Her practice currently focuses on contract disputes, business torts, insurance coverage disputes and probate and trust litigation.

Kaylan's experience includes assisting in the successful defense of one of the nation's largest banks in a $47.5 million suit for wrongful foreclosure of collateral where she drafted motion and trial briefs, reviewed documents and helped with the preparation of witnesses for trial.

Kaylan successfully represented the Houston SPCA as an applicant in a *cy pres* matter filed by the Texas Attorney General's office seeking modification of a charitable trust and distribution of funds in excess of $1.8 million for the construction of an animal rescue facility. The SPCA was among six animal protection organizations seeking receipt of the trust funds and, after a lengthy hearing, was deemed the sole recipient of such funds.

Kaylan is currently assisting in the representation of a major shale gas producer in a federal putative class action involving saltwater disposal wells and the alleged migration of injected hydraulic fracturing fluids.

Kaylan is also the lead associate on an Andrews Kurth team that represents a trust protector in a multi-million dollar trust dispute pending in the Netherlands.

### INSIGHTS

- Texas Supreme Court Expands "Reasonable Certainty" Requirement for Damages (May 20, 2015)
- "Right to Occupy" Surface Estate Bars Coverage for Property Damage *American Bar Association* (November 3, 2014)

### PROFESSIONAL RECOGNITION

- Texas Bar Foundation, Fellow

### AFFILIATIONS

- Texas Young Lawyers Association, Director
- Houston Young Lawyers Association, Ex Officio Member, HYLA Board
- Houston Bar Association

### INDUSTRIES
Banking/Finance
Construction
Energy
Insurance
Natural Gas
Oil and Gas
Real Estate

### PRACTICES
Antitrust Litigation
Banking/Finance Litigation
Class Action Litigation
Commercial Litigation
Environmental Disputes, Contested Proceedings and Litigation
Litigation and Dispute Resolution
Mass Tort
Probate, Wills and Trust Litigation

### EDUCATION
JD, 2010, *summa cum laude*, South Texas College of Law
BBA, 2004, *magna cum laude*, Texas Christian University

### ADMISSIONS
Texas 2011
US District Court for the Southern District of Texas 2011
US District Court for the Western District of Texas 2012
US District Court for the Eastern District of Texas 2012

**ANDREWS**
        **KURTH**

STRAIGHT TALK IS GOOD BUSINESS. ®

## M. Kaylan Dunn

- Texas Bar Foundation, Fellow

US District Court for the Northern District of Texas 2012

US Court of Appeals for the Fifth Circuit

# EXHIBIT A-2

# ANDREWS
## KURTH

Andrews Kurth Kenyon LLP
600 Travis, Suite 4200
Houston, Texas 77002
713.220.4200 Phone
713.220.4285 Fax
andrewskurth.com
Taxpayer I.D. #74-1027138

February 14, 2017

Medoc Health Services
Jim Campbell
Club Corp Building
3030 LBJ Freeway
Dallas, TX 75234

As of  January 31, 2017
Invoice No. 10740364
10613 0034762 / 0232088

RE:   CHUBB

| Date | Name | Position | Hours | Rate | Value |
|------|------|----------|-------|------|-------|
| 01/03/17 | | | | | |
| 01/03/17 | | | | | |
| 01/03/17 | | | | | |
| 01/03/17 | | | | | |
| 01/03/17 | | | | | |
| 01/03/17 | | | | | |
| 01/03/17 | | | | | |
| 01/03/17 | | | | | |
| 01/03/17 | | | | | |
| 01/04/17 | | | | | |

Payment due upon receipt
To assist in complying with regulations under IRS §274,
additional documentation for overtime meals and travel meals is available upon request.
For Questions or Comments Regarding this Bill, Please Contact the Accounting Department at (713) 220-4606.

April 10, 2017
Invoice No. 10740364
10613 0034762 / 0232088

RE:    CHUBB

| Date | Services | Name | Position | Hours | Rate | Value |
|------|----------|------|----------|-------|------|-------|
| 01/04/17 | | | | | | |
| 01/04/17 | | | | | | |
| 01/04/17 | | | | | | |
| 01/05/17 | | | | | | |
| 01/05/17 | | | | | | |
| 01/05/17 | | | | | | |
| 01/05/17 | | | | | | |
| 01/05/17 | | | | | | |
| 01/05/17 | | | | | | |
| 01/05/17 | | | | | | |
| 01/05/17 | | | | | | |
| 01/06/17 | | | | | | |
| 01/06/17 | | | | | | |
| 01/06/17 | | | | | | |

Payment due upon receipt
To assist in complying with regulations under IRS §274,
additional documentation for overtime meals and travel meals is available upon request.
For Questions or Comments Regarding this Bill, Please Contact the Accounting Department at (713) 220-4606.

As of January 30, 2017
Invoice No. 10740364
10613 0034762 / 0232088

RE:   CHUBB

| Date | Services | Name | Position | Hours | Rate | Value |
|---|---|---|---|---|---|---|
| 01/06/17 | | | | | | |
| 01/06/17 | | | | | | |
| 01/06/17 | | | | | | |
| 01/06/17 | | | | | | |
| 01/09/17 | | | | | | |
| 01/09/17 | | | | | | |
| 01/09/17 | | | | | | |
| 01/09/17 | | | | | | |
| 01/09/17 | | | | | | |
| 01/10/17 | | | | | | |
| 01/10/17 | | | | | | |
| 01/10/17 | | | | | | |
| 01/10/17 | | | | | | |
| 01/10/17 | | | | | | |
| 01/10/17 | | | | | | |
| 01/10/17 | | | | | | |
| 01/10/17 | | | | | | |

Payment due upon receipt
To assist in complying with regulations under IRS §274,
additional documentation for overtime meals and travel meals is available upon request.
For Questions or Comments Regarding this Bill, Please Contact the Accounting Department at (713) 220-4606.

As of January 31, 2017
Invoice No. 10740364
10613 0034762 / 0232088

RE:    CHUBB

| Date | Services | Name | Position | Hours | Rate | Value |
|------|----------|------|----------|-------|------|-------|
| 01/10/17 | | | | | | |
| 01/11/17 | | | | | | |
| 01/11/17 | | | | | | |
| 01/11/17 | | | | | | |
| 01/11/17 | | | | | | |
| 01/11/17 | | | | | | |
| 01/11/17 | | | | | | |
| 01/11/17 | | | | | | |
| 01/11/17 | | | | | | |
| 01/11/17 | | | | | | |
| 01/11/17 | | | | | | |
| 01/11/17 | | | | | | |
| 01/11/17 | | | | | | |
| 01/11/17 | | | | | | |
| 01/12/17 | | | | | | |
| 01/12/17 | | | | | | |
| 01/12/17 | | | | | | |
| 01/12/17 | | | | | | |

Payment due upon receipt
To assist in complying with regulations under IRS §274,
additional documentation for overtime meals and travel meals is available upon request.
For Questions or Comments Regarding this Bill, Please Contact the Accounting Department at (713) 220-4606.

As of January 12, 2017
Invoice No. 10740364
10613 0034762 / 0232088

RE:    CHUBB

| Date | Services | Name | Position | Hours | Rate | Value |
|------|----------|------|----------|-------|------|-------|
| 01/12/17 | | | | | | |
| 01/12/17 | | | | | | |
| 01/12/17 | | | | | | |
| 01/13/17 | | | | | | |
| 01/13/17 | | | | | | |
| 01/13/17 | | | | | | |
| 01/13/17 | | | | | | |
| 01/13/17 | | | | | | |
| 01/13/17 | | | | | | |
| 01/15/17 | | | | | | |
| 01/16/17 | | | | | | |
| 01/17/17 | | | | | | |
| 01/17/17 | | | | | | |
| 01/17/17 | | | | | | |
| 01/17/17 | | | | | | |
| 01/17/17 | | | | | | |

Payment due upon receipt
To assist in complying with regulations under IRS §274,
additional documentation for overtime meals and travel meals is available upon request.
For Questions or Comments Regarding this Bill, Please Contact the Accounting Department at (713) 220-4606.

As of January 31, 2017
Invoice No. 10740364
10613 0034762 / 0232088

RE:    CHUBB

| Date | Services | Name | Position | Hours | Rate | Value |
|------|----------|------|----------|-------|------|-------|
| 01/17/17 | | | | | | |
| 01/17/17 | | | | | | |
| 01/17/17 | | | | | | |
| 01/18/17 | | | | | | |
| 01/18/17 | | | | | | |
| 01/18/17 | | | | | | |
| 01/18/17 | | | | | | |
| 01/18/17 | | | | | | |
| 01/18/17 | | | | | | |
| 01/18/17 | | | | | | |
| 01/18/17 | | | | | | |
| 01/18/17 | | | | | | |
| 01/18/17 | | | | | | |
| 01/18/17 | | | | | | |
| 01/18/17 | | | | | | |

Payment due upon receipt
To assist in complying with regulations under IRS §274,
additional documentation for overtime meals and travel meals is available upon request.
For Questions or Comments Regarding this Bill, Please Contact the Accounting Department at (713) 220-4606.

As of January 31, 2017
Invoice No. 10740364
10613 0034762 / 0232088

RE:     CHUBB

| Date | Services | Name | Position | Hours | Rate | Value |
|------|----------|------|----------|-------|------|-------|
| 01/19/17 | | | | | | |
| 01/19/17 | | | | | | |
| 01/19/17 | | | | | | |
| 01/19/17 | | | | | | |
| 01/19/17 | | | | | | |
| 01/20/17 | | | | | | |
| 01/20/17 | | | | | | |
| 01/20/17 | | | | | | |
| 01/22/17 | | | | | | |
| 01/23/17 | | | | | | |
| 01/23/17 | | | | | | |
| 01/23/17 | | | | | | |
| 01/23/17 | | | | | | |
| 01/23/17 | | | | | | |
| 01/24/17 | | | | | | |
| 01/24/17 | | | | | | |

Payment due upon receipt
To assist in complying with regulations under IRS §274,
additional documentation for overtime meals and travel meals is available upon request.
For Questions or Comments Regarding this Bill, Please Contact the Accounting Department at (713) 220-4606.

As of January 31, 2017
Invoice No. 10740364
10613 0034762 / 0232088

RE:    CHUBB

| Date | Services | Name | Position | Hours | Rate | Value |
|------|----------|------|----------|-------|------|-------|
| 01/24/17 | | | | | | |
| 01/24/17 | | | | | | |
| 01/25/17 | | | | | | |
| 01/25/17 | | | | | | |
| 01/25/17 | | | | | | |
| 01/25/17 | | | | | | |
| 01/25/17 | | | | | | |
| 01/25/17 | | | | | | |
| 01/25/17 | | | | | | |
| 01/25/17 | | | | | | |
| 01/26/17 | | | | | | |
| 01/26/17 | | | | | | |
| 01/26/17 | | | | | | |
| 01/26/17 | | | | | | |
| 01/26/17 | | | | | | |
| 01/27/17 | | | | | | |

Payment due upon receipt
To assist in complying with regulations under IRS §274,
additional documentation for overtime meals and travel meals is available upon request.
For Questions or Comments Regarding this Bill, Please Contact the Accounting Department at (713) 220-4606.

As of January 31, 2017
Invoice No. 10740364
10613 0034762 / 0232088

RE:    CHUBB

| Date | Services | Name | Position | Hours | Rate | Value |
|------|----------|------|----------|-------|------|-------|
| 01/27/17 | | | | | | |
| 01/27/17 | | | | | | |
| 01/27/17 | | | | | | |
| 01/27/17 | | | | | | |
| 01/27/17 | | | | | | |
| 01/27/17 | | | | | | |
| 01/28/17 | | | | | | |
| 01/28/17 | | | | | | |
| 01/28/17 | | | | | | |
| 01/28/17 | | | | | | |
| 01/29/17 | | | | | | |
| 01/30/17 | | | | | | |
| 01/30/17 | | | | | | |
| 01/30/17 | | | | | | |

Payment due upon receipt
To assist in complying with regulations under IRS §274,
additional documentation for overtime meals and travel meals is available upon request.
For Questions or Comments Regarding this Bill, Please Contact the Accounting Department at (713) 220-4606.

As of January 31, 2017
Invoice No. 10740364
10613 0034762 / 0232088

RE:   CHUBB

| Date | Services | Name | Position | Hours | Rate | Value |
|------|----------|------|----------|-------|------|-------|
| 01/30/17 | | | | | | |
| 01/30/17 | | | | | | |
| 01/30/17 | Conference with opposing counsel regarding Defendant's upcoming Motion for Protective Order, and supplemental document production. | R.M. HOFFMAN | Partner | 0.30 | 765.00 | 229.50 |
| 01/30/17 | , Defendant's upcoming Motion for Protective Order, | R.M. HOFFMAN | Partner | 0.20 | 765.00 | 153.00 |
| 01/30/17 | Receipt and review of Defendant's draft Motion for Protective Order and emails with Defendant's attorney regarding same. | R.M. HOFFMAN | Partner | 0.30 | 765.00 | 229.50 |
| 01/31/17 | , research and review rebuttal cases related to Great Northern's privilege claims related to HSNO. | M.K. DUNN | Associate | 3.00 | 535.50 | 1606.50 |
| 01/31/17 | | | | | | |
| 01/31/17 | Telephone conference with K. Dunn regarding Defendant's draft Motion for Protective Order for HSNO. | R.M. HOFFMAN | Partner | 0.10 | 765.00 | 76.50 |

**Total Services**                                                                 2295.00

**Disbursements**                                                              **Value**

**Total Disbursements**

**Total Current Services and Disbursements This Matter**         2295.00

Payment due upon receipt
To assist in complying with regulations under IRS §274,
additional documentation for overtime meals and travel meals is available upon request.
For Questions or Comments Regarding this Bill, Please Contact the Accounting Department at (713) 220-4606.

As of January 31, 2017
Invoice No. 10740364
10613 0034762 / 0232088

RE:    CHUBB

## SUMMARY OF FEES

**Number   Name**                                      **Hours**        **Value**

Payment due upon receipt
To assist in complying with regulations under IRS §274,
additional documentation for overtime meals and travel meals is available upon request.
For Questions or Comments Regarding this Bill, Please Contact the Accounting Department at (713) 220-4606.



Andrews Kurth Kenyon LLP
600 Travis, Suite 4200
Houston, Texas 77002
713.220.4200 Phone
713.220.4285 Fax
andrewskurth.com
Taxpayer I.D. #74-1027138

February 14, 2017

## PLEASE RETURN THIS COPY WITH YOUR PAYMENT

Medoc Health Services
Jim Campbell
Club Corp Building
3030 LBJ Freeway
Dallas, TX 75234

As of January 31, 2017
Invoice No. 10740364
10613 0034762 / 0232088

RE:   CHUBB

### INVOICE SUMMARY

Total Services

Total Disbursements

**Total Current Services and Disbursements Due This Bill**

### SUMMARY OF ACCOUNTS RECEIVABLE

| Invoice Date | Invoice Number | Total Balance Due |
|---|---|---|

### PLEASE RETURN THIS COPY WITH YOUR PAYMENT
Payment due upon receipt
Please Reference Invoice Number & Client/Matter Number on Your Payment

**Mail payments by check to:**
ANDREWS KURTH KENYON LLP
P.O. Box 301276
Dallas, TX 75303-1276

**Wire Transfer Information:**
JPMorgan Chase, 712 Main Street, Houston, TX 77002
ABA: 021000021
Acct #: 00100184952
Swift Code: CHASUS33
AccountsReceivable@akllp.com

**ACH Information:**
JPMorgan Chase
ABA: 111000614
Acct #: 00100184952

For Questions or Comments Regarding this Invoice, Please Contact the Accounting Department at (713) 220-4606.



Andrews Kurth Kenyon LLP
600 Travis, Suite 4200
Houston, Texas 77002
713.220.4200 Phone
713.220.4285 Fax
andrewskurth.com
Taxpayer I.D. #74-1027138

February 14, 2017

## PLEASE RETURN THIS COPY WITH YOUR PAYMENT

Medoc Health Services
Jim Campbell
Club Corp Building
3030 LBJ Freeway
Dallas, TX 75234

As of January 31, 2017
Invoice No. 10740364
10613 0034762 / 0232088

---

Total balance outstanding for this matter
As Of February 14, 2017

$ .

---

**PLEASE RETURN THIS COPY WITH YOUR PAYMENT**
Payment due upon receipt
Please Reference Invoice Number & Client/Matter Number on Your Payment

| **Mail payments by check to:** | **Wire Transfer Information:** | **ACH Information:** |
|---|---|---|
| ANDREWS KURTH KENYON LLP | JPMorgan Chase, 712 Main Street, Houston, TX 77002 | JPMorgan Chase |
| P.O. Box 301276 | ABA: 021000021 | ABA: 111000614 |
| Dallas, TX 75303-1276 | Acct #: 00100184952 | Acct #: 00100184952 |
| | Swift Code: CHASUS33 | |
| | AccountsReceivable@akllp.com | |

For Questions or Comments Regarding this Invoice, Please Contact the Accounting Department at (713) 220-4606.

# ANDREWS
## KURTH

Andrews Kurth Kenyon LLP
600 Travis, Suite 4200
Houston, Texas 77002
713.220.4200 Phone
713.220.4285 Fax
andrewskurth.com
Taxpayer I.D. #74-1027138

March 10, 2017

Medoc Health Services
Jim Campbell
Club Corp Building
3030 LBJ Freeway
Dallas, TX 75234

As of February 28, 2017
Invoice No. 10743701
10613 0034762 / 0232088

RE:    CHUBB

| Date | Services | Name | Position | Hours | Rate | Value |
|------|----------|------|----------|-------|------|-------|
| 02/01/17 | Conference with K. Dunn regarding her research into Texas law vis-a-vis Defendant's draft Motion for Protection. | R.M. HOFFMAN | Partner | 0.10 | 765.00 | 76.50 |
| 02/01/17 | Prepared an email to Defendant's attorney regarding our opposition to Defendant's request for protection for HSNO communications with Defendant's counsel. | R.M. HOFFMAN | Partner | 0.10 | 765.00 | 76.50 |
| 02/01/17 | Reviewed Defendant's Motion for Protective Order regarding HSNO documents. | R.M. HOFFMAN | Partner | 0.30 | 765.00 | 229.50 |
| 02/01/17 | | | | | | |
| 02/01/17 | Continue review and analysis of case precedent regarding privileges claimed by Great Northern | M.K. DUNN | Associate | .90 | 535.50 | 481.95 |
| 02/02/17 | address strategy regarding Response to Defendant's Motion to Modify Subpoena (.6). | M.K. DUNN | Associate | .60 | 535.50 | 321.30 |
| 02/02/17 | Conference with K. Dunn regarding and responding to Defendant's Motion to Modify. | R.M. HOFFMAN | Partner | 0.20 | 765.00 | 153.00 |
| 02/02/17 | prepared an email to Defendant's attorneys regarding document production and a privilege log. | R.M. HOFFMAN | Partner | 0.20 | 765.00 | 153.00 |

Payment due upon receipt
To assist in complying with regulations under IRS §274,
additional documentation for overtime meals and travel meals is available upon request.
For Questions or Comments Regarding this Bill, Please Contact the Accounting Department at (713) 220-4606.

As of February 22, 2017
Invoice No. 10743701
10613 0034762 / 0232088

RE:   CHUBB

| Date | Services | Name | Position | Hours | Rate | Value |
|------|----------|------|----------|-------|------|-------|
| 02/02/17 | Receipt and review of a Court Order referring Defendant's Motion for Protective Order to Magistrate Horan. | R.M. HOFFMAN | Partner | 0.10 | 765.00 | 76.50 |
| 02/02/17 | Receipt and review of a second Order from the Court regarding deadline to respond to Defendant's Motion. | R.M. HOFFMAN | Partner | 0.10 | 765.00 | 76.50 |
| 02/02/17 | | | | | | |
| 02/02/17 | | | | | | |
| 02/02/17 | | | | | | |
| 02/02/17 | Telephone conference with K. Dunn regarding response to Defendant's Motion for Protective Order and | R.M. HOFFMAN | Partner | .20 | 765.00 | 153.00 |
| 02/03/17 | | | | | | |
| 02/03/17 | | | | | | |
| 02/03/17 | | | | | | |
| 02/03/17 | | | | | | |
| 02/03/17 | | | | | | |
| 02/06/17 | Draft Response to Defendant's Motion to Amend Subpoena (4.7); conduct research for same (.6); | M.K. DUNN | Associate | 5.30 | 535.50 | 2838.15 |
| 02/06/17 | | | | | | |
| 02/06/17 | | | | | | |
| 02/06/17 | | | | | | |
| 02/06/17 | | | | | | |
| 02/06/17 | | | | | | |

Payment due upon receipt
To assist in complying with regulations under IRS §274,
additional documentation for overtime meals and travel meals is available upon request.
For Questions or Comments Regarding this Bill, Please Contact the Accounting Department at (713) 220-4606.

As of February 28, 2017
Invoice No. 10743701
10613 0034762 / 0232088

RE:    CHUBB

| Date | Services | Name | Position | Hours | Rate | Value |
|------|----------|------|----------|-------|------|-------|
| 02/06/17 | | | | | | |
| 02/06/17 | | | | | | |
| 02/07/17 | | | | | | |
| 02/07/17 | | | | | | |
| 02/07/17 | | | | | | |
| 02/07/17 | | | | | | |
| 02/07/17 | | | | | | |
| 02/07/17 | | | | | | |
| 02/07/17 | | | | | | |
| 02/07/17 | | | | | | |
| 02/07/17 | Worked on response to Defendant's Motion for Protective Order. | R.M. HOFFMAN | Partner | 0.60 | 765.00 | 459.00 |
| 02/07/17 | | | | | | |
| 02/07/17 | | | | | | |
| 02/07/17 | Continue working on draft of Response to Motion to Modify Subpoena (8.9); | M.K. DUNN | Associate | 8.90 | 535.50 | 4765.95 |
| 02/08/17 | Revise Response to Motion to Modify in light of receipt of Great Northern's privilege log. | M.K. DUNN | Associate | 3.80 | 535.50 | 2,034.90 |
| 02/08/17 | | | | | | |
| 02/08/17 | | | | | | |
| 02/08/17 | Telephone conference with K. Dunn regarding Defendant's | R.M. HOFFMAN | Partner | 0.20 | 765.00 | 153.00 |

Payment due upon receipt
To assist in complying with regulations under IRS §274,
additional documentation for overtime meals and travel meals is available upon request.
For Questions or Comments Regarding this Bill, Please Contact the Accounting Department at (713) 220-4606.

As of February, 2017
Invoice No. 10743701
10613 0034762 / 0232088

RE:    CHUBB

| Date | Services | Name | Position | Hours | Rate | Value |
|------|----------|------|----------|-------|------|-------|
| | privilege log and responding to Defendant's Motion for Protective Order. | | | | | |
| 02/08/17 | Worked on Response to Motion for Protective Order. | R.M. HOFFMAN | Partner | 0.80 | 765.00 | 612.00 |
| 02/08/17 | | | | | | |
| 02/09/17 | Worked on Response to Defendant's Motion for Protection. | R.M. HOFFMAN | Partner | 2.80 | 765.00 | 2,142.00 |
| 02/09/17 | | | | | | |
| 02/09/17 | | | | | | |
| 02/09/17 | | | | | | |
| 02/09/17 | Review and analyze privilege log entries (.6); work on draft of Response to Motion to Modify (1.6). | M.K. DUNN | Associate | 2.20 | 535.50 | 1,178.10 |
| 02/10/17 | | | | | | |
| 02/10/17 | | | | | | |
| 02/10/17 | | | | | | |
| 02/10/17 | Worked on Response to Defendant's Motion for a Protective Order. | R.M. HOFFMAN | Partner | 1.30 | 765.00 | 994.50 |
| 02/10/17 | | | | | | |
| 02/10/17 | | | | | | |
| 02/10/17 | | | | | | |
| 02/10/17 | | | | | | |
| 02/13/17 | Worked on Response to Defendant's Motion for Protective | R.M. HOFFMAN | Partner | 2.00 | 765.00 | 1,530.00 |

Payment due upon receipt
To assist in complying with regulations under IRS §274,
additional documentation for overtime meals and travel meals is available upon request.
For Questions or Comments Regarding this Bill, Please Contact the Accounting Department at (713) 220-4606.

As of February 28, 2017
Invoice No. 10743701
10613 0034762 / 0232088

RE:    CHUBB

| Date | Services | Name | Position | Hours | Rate | Value |
|------|----------|------|----------|-------|------|-------|
| | Order. | | | | | |
| 02/13/17 | Continue working on Response to Motion to Modify. | M.K. DUNN | Associate | 1.20 | 535.50 | 642.60 |
| 02/14/17 | Review and analyze case precedent regarding | M.K. DUNN | Associate | 4.60 | 535.50 | 2,463.30 |
| | (2.2); continue working on draft of Response (2.4). | | | | | |
| 02/14/17 | Worked on Response to Motion for Protective Order and Motion for Attorneys' Fees. | R.M. HOFFMAN | Partner | 1.90 | 765.00 | 1,453.50 |
| 02/14/17 | | | | - -- | ... .. | --- -- |
| 02/14/17 | | | | | | |
| 02/14/17 | | | | | | |
| 02/14/17 | Conference with K. Dunn regarding last changes to Response. | R.M. HOFFMAN | Partner | 0.30 | 765.00 | 229.50 |
| 02/14/17 | | | | | | |
| 02/15/17 | Conferences with K. Dunn regarding new case she found to use in Response and changes to the Brief. | R.M. HOFFMAN | Partner | 0.30 | 765.00 | 229.50 |
| 02/15/17 | | | | | | |
| 02/15/17 | | | | | | |
| 02/15/17 | Revise Response to Motion to Modify Subpoena and file same. | M.K. DUNN | Associate | 3.90 | 535.50 | 2,088.45 |
| 02/15/17 | | | | | | |
| 02/16/17 | | | | | | |
| 02/16/17 | | | | | | |
| 02/16/17 | | | | | | |
| 02/16/17 | | | | | | |
| 02/16/17 | | | | | | |

Payment due upon receipt
To assist in complying with regulations under IRS §274,
additional documentation for overtime meals and travel meals is available upon request.
For Questions or Comments Regarding this Bill, Please Contact the Accounting Department at (713) 220-4606.

As of January 23, 2017
Invoice No. 10743701
10613 0034762 / 0232088

RE:    CHUBB

| Date | Services | Name | Position | Hours | Rate | Value |
|------|----------|------|----------|-------|------|-------|
| 02/17/17 | | | | | | |
| 02/17/17 | | | | | | |
| 02/17/17 | | | | | | |
| 02/17/17 | | | | | | |
| 02/17/17 | | | | | | |
| 02/17/17 | | | | | | |
| 02/17/17 | | | | | | |
| 02/17/17 | | | | | | |
| 02/20/17 | | | | | | |
| 02/20/17 | | | | | | |
| 02/20/17 | | | | | | |
| 02/21/17 | | | | | | |
| 02/21/17 | | | | | | |
| 02/21/17 | | | | | | |
| 02/21/17 | | | | | | |
| 02/21/17 | | | | | | |
| 02/21/17 | | | | | | |
| 02/21/17 | | | | | | |
| 02/21/17 | | | | | | |

Payment due upon receipt
To assist in complying with regulations under IRS §274,
additional documentation for overtime meals and travel meals is available upon request.
For Questions or Comments Regarding this Bill, Please Contact the Accounting Department at (713) 220-4606.

February 28, 2017
Invoice No. 10743701
10613 0034762 / 0232088

RE:   CHUBB

| Date | Services | Name | Position | Hours | Rate | Value |
|------|----------|------|----------|-------|------|-------|
| 02/22/17 | | | | | | |
| 02/22/17 | | | | | | |
| 02/22/17 | | | | | | |
| 02/23/17 | | | | | | |
| 02/23/17 | | | | | | |
| 02/24/17 | | | | | | |
| 02/24/17 | | | | | | |
| 02/24/17 | | | | | | |
| 02/24/17 | | | | | | |
| 02/26/17 | | | | | | |
| 02/27/17 | | | | | | |
| 02/27/17 | | | | | | |
| 02/27/17 | | | | | | |
| 02/27/17 | | | | | | |
| 02/27/17 | | | | | | |
| 02/27/17 | | | | | | |
| 02/27/17 | | | | | | |
| 02/27/17 | | | | | | |

Payment due upon receipt
To assist in complying with regulations under IRS §274,
additional documentation for overtime meals and travel meals is available upon request.
For Questions or Comments Regarding this Bill, Please Contact the Accounting Department at (713) 220-4606.

As of February 28 2017
Invoice No. 10743701
10613 0034762 / 0232088

RE:   CHUBB

| Date | Services | Name | Position | Hours | Rate | Value |
|------|----------|------|----------|-------|------|-------|
| 02/28/17 | | | | | | |
| 02/28/17 | | | | | | |
| 02/28/17 | | ....... --- | | | | |
| 02/28/17 | | | | | | |
| | **Total Services** | | | | | $ 25,612.20 |

| **Disbursements** | | **Value** |
|---|---|---|
| **Total Disbursements** | | |
| **Total Current Services and Disbursements This Matter** | | 25,612.20 |

Payment due upon receipt
To assist in complying with regulations under IRS §274,
additional documentation for overtime meals and travel meals is available upon request.
For Questions or Comments Regarding this Bill, Please Contact the Accounting Department at (713) 220-4606.

As of February 25, 2017
Invoice No. 10743701
10613 0034762 / 0232088

RE:   CHUBB

## SUMMARY OF FEES

| Number | Name | Hours | Value |
|--------|------|-------|-------|

Payment due upon receipt
To assist in complying with regulations under IRS §274,
additional documentation for overtime meals and travel meals is available upon request.
For Questions or Comments Regarding this Bill, Please Contact the Accounting Department at (713) 220-4606.



Andrews Kurth Kenyon LLP
600 Travis, Suite 4200
Houston, Texas  77002
713.220.4200 Phone
713.220.4285 Fax
andrewskurth.com
Taxpayer I.D. #74-1027138

March 10, 2017

## PLEASE RETURN THIS COPY WITH YOUR PAYMENT

Medoc Health Services
Jim Campbell
Club Corp Building
3030 LBJ Freeway
Dallas, TX 75234

As of  February 28, 2017
Invoice No. 10743701
10613 0034762 / 0232088

RE:   CHUBB

## INVOICE SUMMARY

Total Services

Total Disbursements

**Total Current Services and Disbursements Due This Bill**

## SUMMARY OF ACCOUNTS RECEIVABLE

| Invoice Date | Invoice Number | Total Balance Due |
|---|---|---|
|  |  |  |

## PLEASE RETURN THIS COPY WITH YOUR PAYMENT
Payment due upon receipt
Please Reference Invoice Number & Client/Matter Number on Your Payment

Mail payments by check to:
ANDREWS KURTH KENYON LLP
P.O. Box 301276
Dallas, TX 75303-1276

Wire Transfer Information:
JPMorgan Chase, 712 Main Street, Houston, TX  77002
ABA:  021000021
Acct #:  00100184952
Swift Code:  CHASUS33
AccountsReceivable@akllp.com

ACH Information:
JPMorgan Chase
ABA:  111000614
Acct #:  00100184952

For Questions or Comments Regarding this Invoice, Please Contact the Accounting Department at (713) 220-4606.



Andrews Kurth Kenyon LLP
600 Travis, Suite 4200
Houston, Texas 77002
713.220.4200 Phone
713.220.4285 Fax
andrewskurth.com
Taxpayer I.D. #74-1027138

March 10, 2017

## PLEASE RETURN THIS COPY WITH YOUR PAYMENT

Medoc Health Services
Jim Campbell
Club Corp Building
3030 LBJ Freeway
Dallas, TX 75234

As of February 28, 2017
Invoice No. 10743701
10613 0034762 / 0232088

Total balance outstanding for this matter
As Of March 10, 2017

**PLEASE RETURN THIS COPY WITH YOUR PAYMENT**
Payment due upon receipt
Please Reference Invoice Number & Client/Matter Number on Your Payment

| Mail payments by check to: | Wire Transfer Information: | ACH Information: |
|---|---|---|
| ANDREWS KURTH KENYON LLP | JPMorgan Chase, 712 Main Street, Houston, TX 77002 | JPMorgan Chase |
| P.O. Box 301276 | ABA: 021000021 | ABA: 111000614 |
| Dallas, TX 75303-1276 | Acct #: 00100184952 | Acct #: 00100184952 |
| | Swift Code: CHASUS33 | |
| | AccountsReceivable@aklip.com | |

For Questions or Comments Regarding this Invoice, Please Contact the Accounting Department at (713) 220-4606.

# EXHIBIT A-3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| PALMAZ SCIENTIFIC INC., | § | Case No. 16-50552 |
| | § | |
| Debtor. | § | Chapter 11 |
| | § | |
| In re: | § | |
| | § | |
| ADVANCED BIO PROSTHETIC | § | Case No. 16-50555 |
| SURFACES, LTD., | § | |
| | § | Chapter 11 |
| Debtor. | § | |
| | § | |
| In re: | § | |
| | § | |
| ABPS MANAGEMENT, LLC, | § | Case No. 16-50556 |
| | § | |
| Debtor. | § | Chapter 11 |
| | § | |
| In re: | § | |
| | § | |
| ABPS VENTURE ONE, LTD., | § | Case No. 16-50554 |
| | § | |
| Debtor. | § | Chapter 11 |
| | § | |
| | § | (Jointly Administered Under 16-50552) |

**APPLICATION TO EMPLOY ANDREWS KURTH LLP AS COUNSEL**
**TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,**
***NUNC PRO TUNC* THE RETENTION DATE, PURSUANT TO**
**SECTIONS 328 AND 1103(a) OF THE BANKRUPTCY CODE**

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO**
**YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN 21 DAYS FROM THE**
**DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE**
**GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO**
**BE HELD.**

TO THE HONORABLE CRAIG A. GARGOTTA, U.S. BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") of Palmaz Scientific, Inc. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for its Application to Employ Andrews Kurth LLP as Counsel to the Official Committee of Unsecured Creditors, *Nunc Pro Tunc* March 31, 2016 (the "Retention Date"), Pursuant to 11 U.S.C. §§ 328 and 1103(a) (the "Application"), respectfully represents:

## BACKGROUND

1.      On March 4, 2016 (the "Petition Date"), the Debtors filed petitions for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") with this Court.

2.      The Debtors continue to operate as debtors and debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.      On March 30, 2016, the Office of the United States Trustee (the "U.S. Trustee") appointed the Committee. [Docket No. 107]. The Committee consists of (i) Pinnacle Technical Resources, Inc. and (ii) The Leigh Rinearson Revocable Living Trust.  On the Retention Date, the Committee selected Andrews Kurth LLP ("AK") as its proposed counsel.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).  Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory predicates for the relief requested herein are sections 328 and 1103(a) of the Bankruptcy Code.

## RELIEF REQUESTED

6.      The Committee requests that the Court enter an Order authorizing the Committee to employ and retain AK, *nunc pro tunc* the Retention Date, as its counsel pursuant to sections

328 and 1103(a) of the Bankruptcy Code, to render legal services to the Committee during these cases.

7.      AK has informed the Committee that AK's attorneys who will be involved in these cases are members in good standing of various state and federal bars and, collectively, have appeared before this Court and other local courts in chapter 11 cases as counsel to official committees, debtors and other principal parties in interest.

## AK'S QUALIFICATIONS

8.      The Committee desires to employ AK because of, among other things, AK's expertise in (i) the field of business reorganizations under chapter 11 of the Bankruptcy Code (particularly in representing official committees of unsecured creditors), (ii) intellectual property and corporate finance matters, and (iii) other legal issues presented in these cases.

9.      The Committee believes that (i) AK has the necessary expertise and background to address effectively the legal issues that may arise in the context of these chapter 11 cases and (ii) the employment and retention of AK is necessary to enable the Committee to execute faithfully its responsibilities and duties under the Bankruptcy Code.

## SERVICES TO BE PROVIDED BY AK

10.     The Committee anticipates that, in connection with these chapter 11 cases, AK will render to the Committee general legal services as needed, including, but not limited to, the following:

(a)      Consulting and interacting with the Committee, the Debtors, the U.S. Trustee and other parties in interest (and their respective professionals) concerning the administration of this case;

(b)      Reviewing, analyzing and responding to pleadings filed by the Debtors and other parties in interest with this Court and participating in hearings concerning such pleadings;

(c)    Preparing all necessary motions, applications, responses, objections, reports, and pleadings on behalf of the Committee in connection with these cases;

(d)    Investigating the acts, conduct, assets, liabilities and present and historical financial condition of the Debtors and their affiliates, the operation of the Debtors' and their affiliates' business and/or proposals to liquidate the Debtors' assets, and any matters relevant to this case in the event and to the extent required by the Committee;

(e)    Taking all necessary action to protect the rights and interests of the Committee's constituents, including, but not limited to, conducting a fair and robust sale process of the Debtors' assets with the goal of maximizing unsecured creditor recoveries;

(f)    Formulating and implementing a chapter 11 plan or plans for the Debtors and all matters relating thereto;

(g)    Representing the Committee in connection with the exercise of its powers and duties under the Bankruptcy Code and in connection with these cases; and

(h)    Performing all other necessary and appropriate legal services of Committee counsel in connection with this these cases.

11.    AK intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules for the United States Bankruptcy Court of the Western District of Texas (the "Local Rules"), and any Order(s) entered in these cases, for all services performed and expenses incurred by AK. AK will also make reasonable efforts to comply with any guidelines for compensation promulgated by the United States Trustee.

12.    The Committee understands that AK will bill for its customary hourly rates and its customary reimbursements as charged to bankruptcy and non-bankruptcy clients. The

Committee further understands that the hourly rates of the attorneys at AK who presently expect to work on this matter range from $360 to $715 and that the hourly rates of paralegals presently expected to work on this matter range from $100 to $275. The Committee also understands that these rates are adjusted from time to time and that AK is customarily reimbursed for all expenses incurred by it in connection with the representation of a client in a given matter, including all identifiable expenses that would not have been incurred except for the representation of a particular client. AK will maintain detailed, contemporaneous records of time spent and necessary expenses incurred in connection with the rendering of legal services described above by category and nature of services rendered.

## BASIS FOR RELIEF

13.    Section 1103(a) of the Bankruptcy Code provides:

> At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103.

14.    Section 328(a) of the Bankruptcy Code provides:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

11 U.S.C. § 328.

15.    To the best of the Committee's knowledge, and except as disclosed herein and in the verified statement of Michelle V. Larson (the "Larson Declaration") attached hereto as

**Exhibit A**, AK does not, and will not, represent any entity having an adverse interest to the Committee and is in all respects eligible and qualified to act as counsel to the Committee in these cases.

16.     In connection with its proposed retention by the Committee, AK has advised the Committee that it researched its client database (the "Disclosure Procedure") to determine whether it had any relationships with significant parties in interest in these cases, including the following:

      i.     The Debtors;

      ii.    Certain of the Debtors' affiliates;

     iii.    The Debtors' sole director;

     iv.    Holders of pre-petition secured claims against the Debtors;

      v.    Certain vendors of the Debtors;

     vi.    The members of the Official Committee of Unsecured Creditors;

    vii.    The entities listed as the Debtors' top twenty (20) largest unsecured creditors; and

   viii.    Certain other parties in interest in these cases.

A list of names of each of the entities searched by AK is attached as **Schedule 1** to the Larson Declaration.  In performing the Disclosure Procedures, AK relied on the schedule of potential parties-in-interest to these cases that AK obtained from the Debtors' counsel's employment application, as well as other potential parties-in-interest pursuant to Bankruptcy Rule 2014.

17.     To the extent that the Disclosure Procedure indicated that AK had or has a connection with any of these entities, the Committee has been advised that they are listed in **Schedule 2** to the Larson Declaration.  AK further advised the Committee that the fees for the last twelve (12) months paid to AK by each of the entities listed in **Schedule 2** to the Larson Declaration are less than one percent (1%) of the annual gross revenue of AK.

18.     Prior to the Retention Date, on matters wholly unrelated to these chapter 11 cases, AK was engaged to represent Thompson Knight LLP.  AK did not represent Thompson Knight in connection with these cases prior to the Retention Date.

19.     Prior to the Retention Date, on matters wholly unrelated to these chapter 11 cases, AK was engaged to represent Norton Rose Fulbright US LLP.  AK did not represent Norton Rose in connection with these cases prior to the Retention Date.

20.     Prior to the Retention Date, on matters wholly unrelated to these chapter 11 cases, AK was engaged to represent Haynes & Boone L.L.P.  AK did not represent Haynes & Boone L.L.P. in connection with these cases prior to the Retention Date.

21.     Prior to the Retention Date, on matters wholly unrelated to these chapter 11 cases, AK was engaged to represent Pinnacle Technical Resources, Inc.  AK did not represent Pinnacle Technical Resources in connection with these cases prior to the Retention Date.

22.     Prior to the Retention Date, on matters wholly unrelated to these chapter 11 cases, AK was engaged to represent Susan Harriman, an adverse party in connection with litigation against the Debtors.  AK did not represent Susan Harriman in connection with these cases prior to the Retention Date.

23.     Jason S. Brookner, counsel to certain investors in the Debtors, was formerly a partner at AK, leaving the partnership in 2013.  AK had no connection with such investors prior to the Retention Date.

24.     AK has advised the Committee that it will continue to apply the Disclosure Procedure if additional information concerning entities having any connection with the Debtors emerges and will file appropriate supplemental disclosure, if any, with the Court.

25.     The Committee believes that the employment of AK is necessary and appropriate in order to protect the interests of the Committee and the Debtors' unsecured creditors.

## **NOTICE**

26.     Notice of this Application has been provided to: (a) the U.S. Trustee; (b) the Debtors; (c) counsel to the Debtors; and (d) all entities that have filed a request for service of pleadings in these cases.  The Committee respectfully submits that, given the nature of the relief requested herein, no other notice need be given.

## NO PRIOR REQUEST

No previous application for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests the entry of an Order, in the form of **Exhibit B** attached hereto, (a) authorizing and approving the Committee's employment of AK as its counsel, *nunc pro tunc* to the Retention Date, and (b) granting such other and further relief as is just and proper.

Dated:  April 14, 2016

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PALMAZ SCIENTIFIC INC,** *et al.*

Pinnacle Technical Resources, Inc.

*ElStewart*
_____
Erin Stewart, Chairperson

**ANDREWS KURTH LLP**

By:    /s/ Michelle V. Larson
       _____
       Michelle V. Larson
       State Bar No. 00796928
       1717 Main Street, Suite 3700
       Dallas, Texas 75201
       Tel: (214) 659-4400
       Fax: (214) 659-4401
       Email: michellelarson@andrewskurth.com

       *Proposed Counsel to the Official Committee of Unsecured Creditors of Palmaz Scientific, Inc., et al.*

## CERTIFICATE OF SERVICE

I certify that on April 15, 2016, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Western District of Texas on all parties receiving notification in this proceeding and on the attached Official Limited Service List by first class mail on this 15th day of April, 2014.

/s/ Michelle V. Larson
Michelle V. Larson
*Proposed Counsel to the Official Committee
of Unsecured Creditors*

# __EXHIBIT A__

**Declaration of Michelle V. Larson**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| PALMAZ SCIENTIFIC INC., | § | Case No. 16-50552 |
| | § | |
| Debtor. | § | Chapter 11 |
| | § | |
| In re: | § | |
| | § | |
| ADVANCED BIO PROSTHETIC | § | Case No. 16-50555 |
| SURFACES, LTD., | § | |
| | § | Chapter 11 |
| Debtor. | § | |
| | § | |
| In re: | § | |
| | § | |
| ABPS MANAGEMENT, LLC, | § | Case No. 16-50556 |
| | § | |
| Debtor. | § | Chapter 11 |
| | § | |
| In re: | § | |
| | § | |
| ABPS VENTURE ONE, LTD., | § | Case No. 16-50554 |
| | § | |
| Debtor. | § | Chapter 11 |
| | § | |
| | § | (Jointly Administered Under 16-50552) |

**DECLARATION OF MICHELLE V. LARSON IN SUPPORT OF APPLICATION
TO EMPLOY ANDREWS KURTH LLP AS COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, *NUNC PRO TUNC*
THE RETENTION DATE, PURSUANT TO SECTIONS 328 AND 1103(a)
OF THE BANKRUPTCY CODE AND RULES 2014 AND 5002 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE**

MICHELLE V. LARSON declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a partner in the law firm of Andrews Kurth LLP ("AK" or the "Firm"). AK employs approximately 420 attorneys and maintains an office for the practice of law at 1717

DAL:937076.2

Main St., Suite 3700, Dallas, Texas 75201, as well as offices in Houston, Texas; New York, New York; Austin, Texas; The Woodlands, Texas; Durham, North Carolina; Washington, D.C.; London, Dubai and Beijing.

2.     I am fully familiar with the facts hereinafter stated, and am authorized to make this declaration (the "Declaration") on behalf of AK.   The information contained in this Declaration is of my own personal knowledge or derived from reviews performed by me or at my direction of the file in these cases.  To the extent any information disclosed herein requires amendment or modification, it will be supplemented.

3.     I submit this Declaration in accordance with Section 1103 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 5002 in connection with the Application to Employ Andrews Kurth LLP as Counsel to the Official Committee of Unsecured Creditors, *Nunc Pro Tunc* the Retention Date, Pursuant to Sections 328 and 1103(a) of the Bankruptcy Code (the "Application").[1]

## INTRODUCTION

4.     On March 30, 2016 the United States Trustee appointed the Committee.   The Committee consists of (i) Pinnacle Technical Resources, Inc. and (ii) Leigh Rinearson Revocable Living Trust.

5.     On March 31, 2016 (the "Retention Date"), the Committee selected Andrews Kurth LLP ("AK") as its proposed counsel.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

DAL:937076.2

**DISCLOSURE PROCEDURES**

6.      In connection with AK's proposed retention in these cases, and in preparing this Declaration, either I or someone under my supervision and direction searched AK's client database (the "Disclosure Procedure") to determine whether AK had any relationships with significant parties in interest in these cases, including the following:

  i.  The Debtors;

  ii.  Certain of the Debtors' affiliates;

  iii.  The Debtors' sole director;

  iv.  Holders of pre-petition secured claims against the Debtors;

  v.  Certain vendors of the Debtors;

  vi.  The members of the Official Committee of Unsecured Creditors;

  vii.  The entities listed as the Debtors' top twenty (20) largest unsecured creditors; and

  viii.  Certain other parties in interest in these cases.

7.      A list of each of the entities searched is attached hereto as **Schedule 1**. To the extent such search indicated that AK has a relationship with or connection to any of such entities, such relationship or connection is disclosed on **Schedule 2** attached hereto. In performing the Disclosure Procedure, AK relied on the schedule of potential parties in interest to these cases that AK obtained from the Debtors' counsel's employment application and Debtors' Schedules and Statement of Financial Affairs pursuant to Bankruptcy Rule 2014.

8.      Under my supervision, AK will continue to monitor the relationships of the various parties in these cases and, if additional information becomes available or additional connections are discovered, AK will file appropriate supplemental disclosure with the Court.

9.      As part of AK's corporate restructuring and bankruptcy practice, AK represents agent banks, bank groups, shareholder groups, bondholders, bondholder groups and creditors' committees in connection with restructuring, bankruptcy and corporate matters unrelated to these

3

cases. Such groups may include one or more parties listed in **Schedule 1** or other parties in interest that are creditors of or otherwise connected with the Debtors. The Debtors have numerous creditors and other parties in interest. AK may have in the past represented, and may presently or in the future represent or be deemed adverse to, creditors or parties in interest in addition to those specifically disclosed herein in matters unrelated to these cases. AK believes that its representation of such creditors or other parties in such other matters has not affected and will not affect its representation of the Committee in these cases.

10.    AK's corporate restructuring and bankruptcy practice also involves representing holders of debt and equity securities issued by financially distressed businesses and buyers and sellers of distressed debt and securities. One or more clients of AK may now own or later purchase secured or unsecured claims against the Debtors. AK believes that its representation of such parties in matters unrelated to these cases will have no effect on its representation of the Committee in these cases.

11.    In addition to its corporate restructuring and bankruptcy practice, AK is a full service law firm with, among others, active corporate, real estate, intellectual property and litigation practices. AK appears in cases, proceedings and transactions involving many different attorneys, accountants, financial consultants and investment bankers, some of whom now or may in the future represent claimants or parties in interest in these cases.

12.    To the best of my knowledge, except as disclosed herein, no attorney at AK has any connections with the Debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, any person employed in the office of the United States Trustee, or any insider of the Debtors.  I, Andrews Kurth, its partners, associates and counsel (i) may have appeared in the past and may appear in the future in unrelated cases or

4

matters under the Bankruptcy Code, or otherwise, in which one or more of the parties in interest may be involved, and (ii) as indicated in this Declaration, may represent, or may have represented, certain parties in interest in matters wholly unrelated to these cases.

13.     The Committee proposes to pay AK its customary hourly rates in effect from time to time, and to reimburse AK for its reasonable out of pocket costs, and expenses, according to its customary reimbursement policies.  AK's current customary hourly rates, which are typically adjusted at the beginning of each calendar year, range from $360 to $715 per hour for attorneys and from $100 to $275 per hour for paraprofessionals.  AK's hourly rates vary depending on the experience and seniority of the professional in question.  The professionals at AK primarily responsible for this matter will be: (i) Michelle V. Larson, whose hourly rate will be capped in this case at $715; (ii) Jeremy B. Reckmeyer, whose hourly rate will be capped in this case at $700; and (iii) Ashley Gargour, whose hourly rate is $360.

14.     The Application requests approval of AK's retention on the terms and conditions AK charges its clients generally, namely, prompt payment of its customary hourly rates, as adjusted from time to time, and reimbursement of out-of-pocket expenses.  Subject to these terms and conditions, AK intends to apply for compensation for professional services rendered in these cases and for reimbursement of actual and necessary expenses incurred in connection therewith, in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and Orders of this Court.

15.     There are no agreements or understandings between AK and any entity for the sharing of compensation received or to be received by AK for services rendered in or in connection with the case, except among the partners, associates and/or counsel of AK.

5

16.    The attorneys at AK who will be working on this engagement are sufficiently familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules, and shall comply therewith.

17.    To the best of my knowledge, after conducting or supervising the investigation described above, I believe AK is eligible pursuant to Section 1103 of the Bankruptcy Code for employment as counsel to the Committee.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 14th day of April, 2016.

Michelle V. Larson
Partner, Andrews Kurth LLP

DAL:937076.1

## SCHEDULE 1

### LIST OF PARTIES SEARCHED

**(a)**     **Debtors and Debtor Affiliates (Adverse)**

   Palmaz Scientific Inc.,
   Advance Bio Prosthetic Surfaces, Ltd
   ABPS Management, LLC
   ABPS Management, LLC

**(b)**     **Committee Members**

   Pinnacle Technical Resources, Inc.
   Leigh Rinearson Revocable Living Trust

**(c)**     **Sole Director**

   Eugene Sprague

**(d)**     **Purported Pre-petition and Post-petition Lenders**

   Oak Court Partners, Ltd.
   Vactronix Scientific, Inc.

**(e)**     **Litigation Counterparties**

   Akin Gump Strauss Hauer Feld
   Alan Chesler
   Mildred V. Ehrenberg
   Securities & Exchange Commission
   Susan Harriman

**(f)**     **Professionals**

   Andy Taylor & Associates, PC
   Gerbsman Partners
   Groff & Rothe and Jennifer L. Rothe, C.P.A.
   Haynes & Boone L.L.P.
   Kreager Mitchell, PLLC
   Norton Rose Fulbright US LLP
   Rosenbaum IP, P.C.
   Upshot Services LLC

**(g)**     <u>**Top 20 List of Unsecured Creditors**</u>

     Advanced Chemical
     Asel & Associates
     Bank Direct Capital
     Chansu Consulting, LLC
     Christopher Boyle
     David XU
     Davis & Santos
     Dublin & Associates, Inc.
     Edwards Cydzik
     Efrain Velasquez
     Elder Bray & Bankler, PC
     Miguel Marquez
     Rosenbaum IP, P.C.
     Silvio Ouchi
     Steven Solomon
     Synergistix
     Texas Treasury Safekeeping Trust Company
     Thompson & Knight LLP

**(h)**     <u>**U.S. Trustees and U.S. Bankruptcy Court Personnel**</u>

Personnel of the U.S. Trustee for the Western District of Texas, including trial attorney Kevin Epstein

The Honorable Craig A. Gargotta, United States Bankruptcy Judge for the Western District of Texas

Personnel of the United States Bankruptcy Court for the Western District of Texas (San Antonio Division)

DAL:937076.2

## SCHEDULE 2

### PARTIES WITH RELATIONSHIP TO AK

1.      Prior to the Retention Date, on matters wholly unrelated to these chapter 11 cases, AK was engaged to represent Thompson Knight LLP. AK did not represent Thompson Knight in connection with these cases prior to the Retention Date.

2.      Prior to the Retention Date, on matters wholly unrelated to these chapter 11 cases, AK was engaged to represent Norton Rose Fulbright US LLP. AK did not represent Norton Rose in connection with these cases prior to the Retention Date.

3.      Prior to the Retention Date, on matters wholly unrelated to these chapter 11 cases, AK was engaged to represent Haynes & Boone L.L.P. AK did not represent Haynes & Boone L.L.P. in connection with these cases prior to the Retention Date.

4.      Prior to the Retention Date, on matters wholly unrelated to these chapter 11 cases, AK was engaged to represent Pinnacle Technical Resources, Inc. AK did not represent Pinnacle Technical Resources in connection with these cases prior to the Retention Date.

5.      Prior to the Retention Date, on matters wholly unrelated to these chapter 11 cases, AK was engaged to represent Susan Harriman, an adverse party in connection with litigation against the Debtors. AK did not represent Susan Harriman in connection with these cases prior to the Retention Date.

6.      Jason S. Brookner, counsel to certain investors in the Debtors, was formerly a partner at AK, leaving the partnership in 2013. AK had no connection with such investors prior to the Retention Date.

DAL:937076.2

# EXHIBIT B

**Proposed Order Granting Application to Employ AK**



**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: May 10, 2016.**

*Craig A. Gargotta*
_____
**CRAIG A. GARGOTTA**
**UNITED STATES BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| PALMAZ SCIENTIFIC INC., | § | Case No. 16-50552 |
| | § | |
|     Debtor. | § | Chapter 11 |
| | § | |
| In re: | § | |
| | § | |
| ADVANCED BIO PROSTHETIC | § | Case No. 16-50555 |
| SURFACES, LTD., | § | |
| | § | Chapter 11 |
|     Debtor. | § | |
| | § | |
| In re: | § | |
| | § | |
| ABPS MANAGEMENT, LLC, | § | Case No. 16-50556 |
| | § | |
|     Debtor. | § | Chapter 11 |
| | § | |
| In re: | § | |
| | § | |
| ABPS VENTURE ONE, LTD., | § | Case No. 16-50554 |
| | § | |
|     Debtor. | § | Chapter 11 |
| | § | |
| | § | (Jointly Administered Under 16-50552) |

**ORDER GRANTING APPLICATION TO EMPLOY ANDREWS KURTH LLP AS
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
*NUNC PRO TUNC* THE RETENTION DATE, PURSUANT TO
SECTIONS 328 AND 1103(a) OF THE BANKRUPTCY CODE**
(Docket No. 172)

Upon the Application of the Official Committee of Unsecured Creditors (the

"Committee") of Palmaz Scientific, Inc. and its affiliated debtors and debtors-in-possession

(collectively, the "Debtors"), to Employ Andrews Kurth LLP as Counsel to the Committee, *Nunc*

*Pro Tunc* the Retention Date, Pursuant to Sections 328 and 1103(a) of the Bankruptcy Code (the

"Application");[1] and the Court being satisfied, based upon the representations made in the

Application and the Larson Declaration, that Andrews Kurth LLP ("AK") represents or holds no

interests adverse to the Committee in connection with these cases, and that the employment and

retention of AK is necessary and is in the best interests of the Committee; and it appearing that

sufficient notice of the Application has been given; and sufficient cause appearing therefor; it is

hereby

ORDERED AS FOLLOWS:

1.      The Application is granted as set forth herein.

2.      Pursuant to Sections 328 and 1103(a) of the Bankruptcy Code, the Committee is

authorized to employ and retain AK as counsel *nunc pro tunc* the Retention Date.

3.      AK shall be compensated and reimbursed in accordance with AK's customary

compensation and reimbursement practices and shall apply to this Court for allowance of such

compensation and reimbursement of expenses in accordance with all applicable provisions of the

Bankruptcy Code, the Bankruptcy Rules and the Local Rules and Orders of this Court.

---

1 Capitalized terms used and not otherwise defined herein shall have the same meanings ascribed to them in the
  Application.

DAL:937658.1

4.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

###

Submitted By:

**ANDREWS KURTH LLP**

Michelle V. Larson
State Bar No. 00796928
1717 Main Street, Suite 3700
Dallas, Texas 75201
Tel: (214) 659-4400
Fax: (214) 659-4401
Email: michellelarson@andrewskurth.com

*Proposed Counsel to the Official Committee of*
*Unsecured Creditors of Palmaz Scientific, Inc., et al.*

3